## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ARTHUR M. LOVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-2029 (RDB) |
| | ) | Judge Richard D. Bennett |
| LARRY HOGAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### MOTION TO WITHDRAW APPEARANCE
### AS LOCAL COUNSEL OF RECORD FOR ARTHUR LOVE

Pursuant to Local Rules 101.2.(a) and 704 and Maryland Rule of Professional Conduct 1.16, the Law Offices of Jeffrey E. McFadden, LLC ("McFaddenLaw") seeks leave of the Court to withdraw its appearance as local counsel of record for Plaintiff Arthur M. Love.  Leave should be granted because 1) Mr. Love and his primary counsel, John M. Pierce, Esq. of the PierceBainbridge law firm "fail[ed] substantially to fulfill an obligation" to McFaddenLaw by Mr. Pierce's failure to find and substitute in new local counsel following McFaddenLaw's notice to Mr. Pierce that McFadden could not continue in the representation given its concerns regarding Mr. Pierce's motion for admission *pro hac vice* and 2) for other good cause.  *See* Maryland Rule of Professional Conduct 1.16(b)(5) and (7).  McFaddenLaw also files the attached Local Rule 101.2.(a) Certification stating that McFaddenLaw complied with all the requirements necessary for it to seek a withdrawal in compliance with its professional obligations (Exhibit 1).

## STATEMENT OF FACTS[1]

On or about August 9, 2021, PierceBainbridge approached undersigned counsel Jeffrey E. McFadden, the sole owner of McFaddenLaw, on the basis of a referral from a Baltimore law firm, to serve as Pierce Bainbridge's local counsel in this Court in connection with PierceBainbridge's engagement by Plaintiff Arthur Love in litigation against the State of Maryland and other State officials.  On August 10, 2021, PierceBainbridge associate Ryan Marshall provided Mr. McFadden with proposed Summonses and a Complaint, which Messrs. Pierce and Marshall asked that McFaddenLaw file on behalf of Mr. Love.  Messrs. Pierce and Marshall also asked that McFaddenLaw move Mr. Pierce's admission to appear *pro hac vice* in the case.  Mr. Marshall informed Mr. McFadden that McFaddenLaw should direct its engagement letter to PierceBainbridge through Mr. Pierce and that Mr. Pierce would obtain necessary concurrences from Mr. Love for McFaddenLaw's work as PierceBainbridge's local counsel.

Based on these representations, McFaddenLaw filed the Summonses and Complaint and commenced the instant action on August 11, 2021.  Also, on August 11, 2021, Mr. McFadden sent Messrs. Pierce and Marshall a form of motion for admission *pro hac vice* that would be acceptable for use in this Court.  On August 18, 2021, Mr. Marshall returned that motion to Mr. McFadden for filing.

The *Pro Hac Vice* Motion requires Mr. McFadden and McFaddenLaw to represent to the Court that Mr. Pierce had "never been disbarred, suspended, or denied admission to practice law in any jurisdiction."  To verify that representation, Mr. McFadden undertook necessary due diligence.

---

[1] The following facts are supported by the Declaration of Jeffrey E. McFadden with accompanying exhibits, all of which are attached as Exhibit 2 to this Motion.

While that due diligence did not find records of disbarment, suspension, or denial of admission, surprisingly, it did find a series of reports regarding Messrs. Pierce and Marshall and PierceBainbridge. Some of these reports appeared to be scurrilous attacks by litigation adversaries designed to injure Messrs. Pierce's and Marshall's and PierceBainbridge's reputation. Several reports also indicated that Mr. Marshall had two counts of fraud pending against him in the State of Pennsylvania. Other reports attacked Mr. Pierce and his law firm's character such that the attacks ultimately appeared to lead to Mr. Pierce's and PierceBainbridge's withdrawal of motions for admission *pro hac vice* in two cases. This information put McFadden law on inquiry notice that it needed more information to be able to make a complete representation to the court.[2]

By e-mail dated August 24, 2021, Mr. McFadden advised Mr. Pierce of the results of the due diligence and expressed concern that these and similar allegations would come to light in the course of moving for Mr. Pierce's admission *pro hac vice* in the instant litigation. Mr. McFadden thus asked Mr. Pierce for a detailed, written rebuttal of the allegations so that Mr. McFadden would be in a position to respond to similar allegations should they arise in the instant matter. Mr. McFadden stated that, if he were to proceed with moving Mr. Pierce's admission *pro hac vice,* Mr. McFadden needed to be able to demonstrate to the Court that Mr. McFadden had identified these issues and had assembled an appropriate, truthful, and convincing response. Mr. McFadden ended the communication by stating to Mr. Pierce that if he were unable to do so, Mr. Pierce should look to other local counsel.

---

[2] In the interests of Plaintiff, Mr. McFadden seeks to strike the proper balance between information sufficient to inform the Court's decision and information that would cause unnecessary embarrassment to Plaintiff and his primary counsel. In this regard, we would respectfully call the Court's attention to an article recently appearing in the ABA Journal. The article can be found at
https://www.abajournal.com/magazine/article/ethics_leave_to_withdraw.

On August 30, 2021, Mr. McFadden forwarded to Mr. Marshall his e-mail to Mr. Pierce dated August 24, 2021.

On September 3, 2021, Mr. McFadden sent a letter by electronic and certified mail to Messrs. Pierce and Marshall stating that Mr. McFadden had still received no response to his inquiry to Mr. Pierce dated August 24, 2021, and that the requested response was becoming all the more pressing giving continued negative press reports concerning Messrs. Pierce and Marshall. The letter concluded by stating that if Mr. McFadden did not receive a response by September 7, 2021, he would have to advise Plaintiff Love of the situation and possibly advise this Court as well.

Later on September 7, 2021, Mr. Pierce sent Mr. McFadden an e-mail briefly describing the circumstances surrounding the withdrawal of the *pro hac vice* motions in two other cases.

On September 20, 2021, Mr. McFadden sent Messrs. Pierce and Marshall a letter by electronic and certified mail. The letter stated that Mr. McFadden had reviewed Mr. Pierce's e-mail response to Mr. McFadden's letter of September 3 and had continued to follow press reports regarding Mr. Pierce's recovery from an illness and issues that were continuing to linger as to a number of Mr. Pierce's cases. The letter went on to state that the continuing controversy surrounding the status of Mr. Pierce's firm and its lawyers had caused Mr. McFadden to conclude that he could not or should not make the required representations to the Court necessary to proceed with Mr. Pierce's *pro hac vice* motion specifically and the instant case generally. The letter thus advised that McFaddenLaw was withdrawing as local counsel in the instant matter and, for the benefit of Plaintiff, asked that Mr. Pierce find and substitute in new local counsel. The letter concluded by stating that should Mr. Pierce and PierceBainbridge be unable to substitute in new local counsel, McFaddenLaw would move this Court to withdraw.

On September 23, 2021, Mr. McFadden sent an e-mail to Messrs. Pierce and Marshall to follow up on Mr. McFadden's letter of September 20, 2021.  The e-mail noted that Mr. McFadden had received two voice messages from Plaintiff Love, that it was apparent to Mr. McFadden that Messrs. Pierce and Marshall had not advised Plaintiff Love of McFadden Law's intent to withdraw, and that they needed to do so.  The e-mail also advised Messrs. Pierce and Marshall of the 120-day requirement for service of process and that such service had not yet been effected.

Later that same day, Mr. Pierce responded by e-mail to Mr. McFadden, copy to Mr. Marshall, stating that Mr. Marshall should advise Plaintiff Love of the withdrawal and further stating that Mr. Pierce would work on finding new local counsel.

On October 24, 2021, Mr. McFadden sent an e-mail to Messrs. Pierce and Marshall to follow up on the status of advising Plaintiff Love of McFaddenLaw's intended withdrawal and of finding new local counsel.  Neither Mr. Pierce nor Mr. Marshall responded.

On November 17, 2021, and in accordance with Local Rule 101.2.(a), Mr. McFadden sent, by electronic and certified mail, a Notice of Withdrawal to Plaintiff Love and Messrs. Pierce and Marshall.

Given the approaching deadline for service of the summonses and Complaint, in order to avoid any prejudice to Plaintiff Arthur Love, Mr. McFadden caused the Summonses and Complaint to be served on Defendants as required by the Federal and Maryland Rules of Civil Procedure.

### RATIONALE FOR WITHDRAWAL

Under Local Rule 704, "[t]his Court shall apply the Rules of Professional Conduct as they have been adopted by the Maryland Court of Appeals."  Maryland Rule of Professional

Conduct 1.16(b)(5) states that, "a lawyer may withdraw from representing a client if the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Maryland Rule of Professional Conduct 1.16(b)(7) states that a lawyer may withdraw "if other good cause for withdrawal exists."

As set forth in the Statement of Facts, it was PierceBainbridge and Mr. Pierce that intended to retain McFaddenLaw as local counsel.  PierceBainbridge and Mr. Pierce have "fail[ed] substantially to fulfill an obligation" to McFaddenLaw because Mr. Pierce and PierceBainbridge have failed to respond adequately to multiple requests that they provide in writing the facts necessary to permit McFaddenLaw to make the representations necessary to support the requested *pro hac vice* admission.  Mr. McFadden and McFaddenLaw have repeatedly made clear to Mr. Pierce and PierceBainbridge since September 20, 2021 that they would not be able to go forward with moving Mr. Pierce's admission *pro hac vice* and were thus withdrawing from the case.   McFadden Law has an obligation to the Court and the bar to make and fully support its *pro hac vice* motion, and presently, that is not possible.   Mr. Love should not be prejudiced by his counsel's inaction in providing reasonable support for local counsel's *pro hac vice* motion.  PierceBainbridge and Mr. Pierce have had more than two months to find and substitute in new local counsel and have failed to do so.  The foregoing reasons also establish that good cause exists for the withdrawal.

Under Local Rule 101.2(a), counsel can withdraw upon filing a certificate stating, "(a) the name and last known address of the client, and (b) that a written notice has been mailed to or otherwise served upon the client at least seven (7) days previously advising the client of counsel's proposed withdrawal and notifying the client either to have new counsel enter an

appearance or to advise the Clerk that the client will be proceeding without counsel."
McFaddenLaw served Plaintiff Love and Messrs. Pierce and Marshall with the written notice
more than seven days prior to filing this motion, stating that McFaddenLaw would move to
withdraw its appearance if PierceBainbridge and Mr. Pierce did not substitute in new local
counsel.  In the intervening time period, no new local counsel has been identified or substituted
in.

For the foregoing reasons, for other good cause shown, McFaddenLaw respectfully
requests the Court to enter an order allowing it to withdraw from its relationship with
PierceBainbridge and its representation of Plaintiff Love in this case.

A proposed order is attached.


Dated: December 1, 2021                    Respectfully submitted,


                                           Jeffrey E. McFadden
                                           (D. Md. Bar No. 08738)
                                           LAW OFFICES OF JEFFREY E. MCFADDEN, LLC
                                           312 Prospect Bay Drive East
                                           Grasonville, MD  21638
                                           (410) 490-1163

                                           *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2021, I caused a copy of this Motion to

Withdraw As Local Counsel to Plaintiff Arthur M. Love to be served on the following by

electronic and overnight mail:

Arthur M. Love
2064 Lake Grove Lane
Crofton, MD  21114 and

John M. Pierce, Esq.
Ryan J. Marshall, Esq.
PierceBainbridge, P.C.
355 S. Grand Avenue, 44th Floor
Los Angeles, CA  90071.


_____
Jeffrey E. McFadden