IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ARTHUR M. LOVE,

    *Plaintiff*,

v.

LARRY HOGAN, BOYD RUTHERFORD,
STEVEN MCADAMS, ALLISON MAYER,
MONA VAIDYA, SHAREESE
CHURCHILL, MATHEW A. CLARK, and
THE STATE OF MARYLAND,

    *Defendants.*

Case No. 1:21-cv-02029-RDB

## PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE

**I.   INTRODUCTION**

Arthur M. Love IV ("Mr. Love") was the Deputy Director of Community Initiatives for the State of Maryland, where he served faithfully as a public servant until Defendants unlawfully terminated him from employment on August 30, 2020. Governor Larry Hogan ("Defendant Hogan") had appointed Mr. Love to said position on January 21, 2015 after Mr. Love led Defendant Hogan's statewide field operations during Defendant Hogan's first gubernatorial campaign. Defendants terminated Mr. Love because there was social anxiety, upheaval, and pressure in the wake of the Kenosha riots and a schism with regards to the Kyle Rittenhouse narrative(s). Specifically, Defendants conspired to and did so in fact terminate Mr. Love's employment because Mr. Love privately, and not within the scope of any of his official duties, engaged in discourse supporting the narrative less favorable to the rioters, which rightfully explained that Kyle Rittenhouse, at that time, might had have a viable self-defense affirmative defense, which, we now know, was accurate and the concept and narrative should never have been

1

retaliated against. Notwithstanding Mr. Love's narrative's accuracy, privateness, and correctness, Defendants did not want to displease the rioters and catch the attention of the wave of the incorrectly placed anarchic-leaning public sentiment, so they unlawfully fired Mr. Love.

The termination especially came as a surprise to Mr. Love because Steven McAdams ("Defendant McAdans") spoke with Mr. Love a day before the Defendants decided to terminate Mr. Love from his position as Deputy Director and stated that Mr. Love need not worry and that they would "get through this." Defendant McAdams was then a supervisor of Mr. Love's; Defendant McAdams was the Executive Director of the Governor's Office of the State of Maryland. Even more surprisingly and reflective of the Defendants' improper conduct, Mr. Love only learned he had been terminated as he watched a television news report covering his story. Defendant McAdams and his representatives admitted that Mr. Love's termination was due to his private social media interactions, and they specified that Mr. Loves' private posts' presented views were contrary to those of the Defendants.

After Mr. Love filed his complaint, this Court, on December 16, 2021, ordered that Mr. Love show good cause as to why this Court should not dismiss the complaint as to Defendant Hogan et al, without prejudice, for Mr. Love's failure to serve the summons and complaint upon Defendant Hogan and the other Defendants properly. In response, Mr. Love asks this Court to stay its hand and not dismiss the complaint as to Defendant Hogan et al, presenting the following in support of his request:

## II.    ARGUMENT

Rule 4(m) of the Federal Rules of Civil Procedure states that even if the plaintiff does not serve a defendant within 90 days after filing the complaint, the court can order the plaintiff to make service within a specified time instead of dismissing the action. Furthermore, if the plaintiff shows

good cause for his/her failure to serve, the Court must extend the time for service for an appropriate period. Moreover, in this Circuit, the Court will, from time to time, hold that Plaintiff had good cause to deliver service of process late if counsel acted in good faith. *Robinson v. G D C, Inc.,* 193 F. Supp. 3d 577 (E.D. Va. 2016).

   **A.** **Local Counsel Withdrew Unexpectedly and Did Not Sufficiently Communicate and Document Service of Process**

Mr. Love's primary counsel, John Pierce, only obtained local counsel in Maryland on December 30, 2021, and there is presently a pro hac vice motion pending for the admission of John Pierce in this case. Therefore this response is being filed by local counsel due to time constraints as to responding to the Show Cause Order issued by this Court.

Mr. Love's former counsel in this case, who was working in conjunction with Mr. Pierce, was Jeffrey McFadden, Esquire, an attorney licensed in the State of Maryland and admitted to practice before this Court. Mr. McFadden then withdrew from this matter. Not only did Mr. McFadden withdraw, but he also left Mr. Love in a severe predicament because service was apparently not completed on the Defendants, he did not communicate the exact status of the case or service to lead counsel, and rarely communicated with or responded to Mr. Love's lead counsel, Mr. Pierce. This may have been a violation of Rule 19-301.16 of the Maryland Rules of Professional Conduct by failing to take reasonably practicable steps to protect Mr. Love's interest(s) in the case and failing to give reasonable notice to Mr. Love or lead counsel with regards to the status of service in this case. Specifically, prior local counsel did not attach any proof that Defendants accepted service via e-mail and failed to apprise Mr. Love or lead counsel of the next steps necessary to effectuate service of process upon the Defendants. This came after several weeks of not responding to lead counsel in a timely manner, and insulting lead counsel based on articles about lead counsel and lead counsel's prior clients, political views, and reputation by way of

nefarious articles. This severely tarnished Mr. Love's ability to carry on his case against Defendants. Mr. Love's lead counsel is now trying to cure service. Lead counsel John Pierce relied on Mr. McFadden's communications and knowledge of the local laws and rules and could not have reasonably foreseen that when Jeffrey McFadden stated that Defendants accepted service via e-mail, Jeffrey McFadden was wrong.

> **B.** **Defendants have constructively and repeatedly attempted to avoid service by using a Maryland Statute as a shield to service in this federal court.**

In the Defendants' Memorandum in Support of their Motion to Dismiss, Defendants admit that Plaintiff(s) can serve process upon the Attorney General via e-mail for claims against the state and against the individually named Defendants in their official capacities. *See Attached* Exhibit 2, (Pg. 24). Defendants further agree that after receiving the service of process via e-mail, they accepted service on behalf of the state and the individually named defendants in their official capacities. *Id.* However, Defendants claim that the office of the Attorney General needed 'permission' from the individual Defendants to accept service. Defendants further contend that they did not secure Defendant, Mathew Clark's ("Defendant Clark") permission, thereby claiming further that Plaintiff, therefore, did not serve Defendant Clark. However, Defendant Clark shares the same address with the other Defendants named above, and, delivery of service, other than by e-mail was next to impossible as all the Defendants were working remotely and Mr. Love did not have access to their private or remote addresses for service of process.

Defendants next contended that, under the Maryland Tort Claims Act, Mr. Love had to serve the Treasurer for all the tort-based causes of action. Defendants claim that Mr. Love failed to do so and that this Court should consequently dismiss the claims (Count IV and Count VI). Defendants are incorrect for the following two reasons:

1. Defendants admit that Mr. Love delivered service of process to the treasurer in order to satisfy the service requirements of the tort claims. *Id.* However, the treasurer rejected the service. Defendants want this Court to dismiss this case based on the erroneous premise that Mr. Love had to cure service and failed to do so. The intent of Maryland's Tort Claims Act, however, does not support Defendants' argument and motion. It is against all notions of public policy surrounding delivery of service requirements for Defendants to reject Mr. Love's proper delivery of service to the only official office that the state statute permits for those claims, and then to claim that Mr. Love should have cured service somehow.

2. The Maryland Tort Claims Act is not valid in federal court as it goes against the Federal Rules of Civil Procedure used by this court; specifically, Rule 4's requirements for delivery of service on a State, State Officials in their individual capacities, and individuals. The Maryland Tort Claims Act, coupled with the Defendant-created circumstances explained above, create a nearly insurmountable barrier for Plaintiff to successfully deliver service to the Defendants on the Tort claims and other claims that the Defendant moved to dismiss.

### C. The Prejudicial Effect of the Delay on Defendants, If It Exists At All, Does not Warrant Dismissal

Where Defendants are not prejudiced and are at least partially at fault for the delayed service, Courts generally will not dismiss the cause(s) of action against Defendants. *Clear Channel Entm't/ Televisa Music Corp. v. Mexico Musical, Inc.*, 252 F. App'x 779, 781 (9th Cir. 2007). Moreover, Courts evaluate the prejudice to Defendants together with the strength of the Plaintiff's excuse for the delay or default. *Id.*

In this case, Defendants rejected Mr. Love's properly delivered service to the treasurer and Defendant Clark, which, in the remote work setting that Defendants created, was the only reasonable way for Mr. Love to serve Defendants as to the tort claims and to serve Defendant

Clark. Therefore, Defendants are at least partially at fault for this delayed service. Moreover, in their motion to dismiss, Defendants did not claim that this delay in service will have any prejudicial effect on them. In equity, the balance sides with this Court not dismissing the causes of action listed in the Defendants' motion to dismiss and this Court's order to show cause, and thereby allowing Mr. Love to cure service if this Court deems that it is necessary and just.

Lastly, dismissal under Rule 4(m) 'without prejudice' does not equate 'without consequence.' If this Court dismisses the case and plaintiff has to file anew, the subsequent suit must satisfy the statute of limitations. *Powell v. Starwalt,* 866 F.2d 964, 966 (7th Cir. 1989). This is a suit, that if re-filed, runs the risk of expiring under Statute of Limitations.

### D. IV. This Court Should Consider Alternatives to Dismissal

Although Federal Courts need not exhaust every sanction or option short of dismissal before finally dismissing a case, they must explore possible and meaningful alternatives. *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986). When a case is still 'young' [referring to a complaint filed less than a year before the dismissal dispute arose] a district court must consider less drastic alternative sanctions before dismissing the case. *Raiford v. Pounds,* 640 F.2d 944, 945 (9th Cir. 1981). "The District Court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 131 (9th Cir. 1987).

F.R.C.P. Rule 4 (a)(2) grants this Court the power to permit Mr. Love to amend the summons. This is a very young case, as Mr. Love filed the Complaint in August. There is a plethora of alternatives to dismissal. For instance, given the complexity that Defendants have created with regards to Plaintiff's service of process, this Court can order the treasurer and Defendant Clark to accept delivery of service. Furthermore, this Court can grant plaintiff an extension of time to

amend the summons and cure service. This Court can also allow Mr. Love to deliver service of process to Defendants by alternative means.

### III.   CONCLUSION

This Court should accordingly accept Mr. Love's above show of good cause as to the delay and not dismiss the complaint as to the claims and defendant(s) named in the Defendant's motion to dismiss and this Court's order to show cause, and should order a specific date by which service should be effected as to all unserved Defendants.

Date: December 30, 2021                                                   Respectfully Submitted,


                                                                                  /s/Nevin L. Young
                                                                          Nevin L. Young
                                                                          Md. Fed. Bar ID No. 28604
                                                                          170 West Street
                                                                          Annapolis MD 21401
                                                                          410-353-9210
                                                                          nevinyounglaw@gmail.com

                                                                          *Attorney for Plaintiff Arthur Love*