IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ARTHUR M. LOVE, | * |
| *Plaintiff*, | * |
| v. | *   No. 1:21-CV-02029 |
| LARRY HOGAN, *et al.*, | * |
| *Defendants*. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

In their motion to dismiss, the defendants argued that plaintiff's claims are barred by various forms of immunity and that the complaint failed to state a legally viable claim. Mr. Love's opposition makes no effort to contest these arguments. Instead, his opposition is largely a recitation of his complaint with various arguments that are unrelated to the merits of the pending motion to dismiss. The complaint should be dismissed with prejudice.

**REPLY ARGUMENT**

I.   **MR. LOVE HAS ABANDONED SOME OF HIS CLAIMS.**

A plaintiff's failure to respond to an argument in a motion to dismiss that a claim is legally deficient amounts to abandonment of that claim. *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010). In his opposition, Mr. Love fails to offer any response to defendants' arguments that the complaint lacks factual

allegations about six of the seven defendants, *see* ECF 7-1 at 9-11,[1] and all claims against Governor Hogan, Lieutenant Governor Rutherford, Allison Mayer, Mona Vaidya, Shareese Churchill, and Matthew A. Clark should be dismissed with prejudice because they have been abandoned.

Mr. Love also failed to respond to defendants' argument that he does not allege a conspiracy for a claim under 42 U.S.C. §§ 1985 and 1986, *see* ECF 7-1 at 19-21, and Hence, Counts II and III have been abandoned and should likewise be dismissed with prejudice. Mr. Love also made no effort to contest the argument that his federal wrongful discharge claim does not exist, nor that he has not stated a claim for punitive damages. ECF 7-1 at 22-23, 25-26. Mr. Love's claim in Count V should be dismissed with prejudice, as should any claim for punitive damages, because those claims have been abandoned.

And although it does not necessarily amount to an abandonment of a claim, Mr. Love also failed to respond to defendants' arguments that they are protected by Eleventh Amendment immunity, immunity from the state law claims, and qualified immunity. ECF 7-1 at 6-9, 17-19. The defendants' immunity is dispositive of all claims against all defendants. As a result, those arguments are unopposed before this Court and the complaint should be dismissed with prejudice.

---

[1] Pagination refers to the given page number, not the page number that the electronic case file system assigned to it when the document was filed.

## II.   MR. LOVE'S FOCUS ON SERVICE IS MISPLACED.

Mr. Love devotes a substantial portion of his response to addressing service of process. Most of this discussion is irrelevant. Defendants' motion to dismiss made only two arguments regarding service: (1) Mr. Love failed to serve the State Treasurer, which is required for tort claims (Counts IV and VI); and (2) Mr. Love failed to personally serve Matthew Clark for the claims against him in his individual capacity. ECF 7-1 at 27-28. In response, Mr. Love fails to make any cogent legal argument why these arguments are incorrect. Service on the Treasurer is a requirement of Maryland law if the claim asserted is an action under the Maryland Tort Claims Act. Md. Code Ann., State Gov't § 12-108(a). Mr. Love's opposition makes no reference of additional efforts to serve the Treasurer during the six months since the motion to dismiss was filed.

Similarly, Mr. Love provides no evidence that Mr. Clark has been served. Service upon the Attorney General is not effective as to state employees sued in their individual capacities. Maryland Rule 2-124(k), Committee Note (this rule does not "obviate the need for personal service on an officer sued in the officer's individual capacity"). The State cannot require employees sued in their individual capacity to allow the Attorney General to accept service on their behalf. Mr. Love has not effected service on the Treasurer or Mr. Clark in his individual capacity. Hence, Counts IV and VI, and the claims against Mr. Clark in his individual capacity should be dismissed.

### III. MR. LOVE'S ANALYSIS OF HIS SPEECH FAILS TO CONSIDER IMPORTANT FACTORS ABOUT THE CIRCUMSTANCES OF HIS EMPLOYMENT, INCLUDING FACTS PLEADED IN HIS COMPLAINT.

Mr. Love points to several cases in an attempt to persuade this Court that his case should not be dismissed, but in doing so, he fails to acknowledge facts pleaded in his complaint that distinguish his situation as a matter of law. And some of the cases have no bearing on the argument raised by defendants. For example, Mr. Love cites to *Pickering*, *Mt. Healthy*, and *Givhen*, which all involve school teachers and not a political appointee of the Governor. *Pickering v. Board of Educ. of Twp Hugh Sch. Dist. 205*, 391 U.S. 563 (1968); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977); *Givhan v. Western Line Consol. Sch. Dist.*, 439 U.S. 410 (1979). Nor do those cases address the basis on which defendants sought dismissal in this case. Defendants' motion to dismiss never argued the truth or falsity of Mr. Love's memes (for which Mr. Love partly cites to *Pickering*), that there was also a prior work-related failing (for which Mr. Love partly cites to *Mt. Healthy*), or that it mattered whether he spoke publicly or privately (for which Mr. Love partly cites to *Givhan*).[2]

Defendants, instead, argued that Mr. Love's termination did not violate the First Amendment here because—based upon the facts he pleaded—his speech interests do not outweigh "the government's interest in managing the working environment." ECF 7-1 at

---

[2] Mr. Love does, however, cite to *Connick v. Myers*, 461 U.S. 138 (1983), which, in part, stands for the principle that "[w]hen close working relationships are essential to fulfilling public responsibilities, a wide degree of deference to the employer's judgment is appropriate." *Id.* at 151-52. Moreover, *Connick* also clarifies that an employer is not required to wait for "events to unfold to the extent that the disruption of the office and the destruction of working relationships is manifest before taking action." *Id.* at 152.

12-15. Mr. Love is now attempting to flee from the facts he pleaded in the hopes that this Court will ignore them and find a factual dispute somewhere, despite being before this Court on a motion to dismiss and not for summary judgment.

Mr. Love asks this Court to find a factual dispute several times, but the facts defendants rely on are those pleaded in his complaint. Mr. Love was a political appointee of Governor Hogan. ECF 1 at ¶ 16. During the evening hours on Friday, August 28, 2020, Mr. Love posted a variety of memes on Facebook. ECF 1 at ¶ 25. Mr. Love's actions that evening caused the others in the conversation to become "aggrieved with Mr. Love's position, prompting Mr. Love to exit the conversation." ECF 1 at ¶ 26. The next morning, Saturday, August 29, 2020, "Mr. Love awoke to the press at his home." ECF 1 at ¶ 27. Mr. McAdams immediately released a public statement that "[t]hese divisive images and statements are inconsistent with the mission and core values of the Office of Community Initiatives. Earlier today, I relieved this employee of his duties." ECF 1 at ¶ 33.

Mr. Love's attempt to downplay the facts change nothing. His comments were so incendiary that the media showed up at his home the morning after they were posted. The press is not generally interested in the memes that run-of-the-mill State employees post. But the media is interested when they are divisive, posted by someone in the Governor's Office, and the nature of the individual's job is to engage with the community. Moreover, Mr. Love's supervisor released a public statement over that weekend about the memes, an uncommon occurrence that does not happen for most personnel matters involving State

employees.³  But, again, most personnel matters do not involve an appointee of the Governor.

Defendants also argued in the alternative that it does not matter whether the Connick-Pickering test is satisfied because, as a matter of law, the Elrod-Branti doctrine is dispositive of his claims.  Indeed, this Court should dismiss Mr. Love's claims because when the Elrod-Branti doctrine applies, the Connick-Pickering test above does not necessarily apply.  *Thompson v. Belton*, Civil Action No. ELH-18-3116, 2018 WL 6173443, at *19.  Mr. Love was an appointee of the Governor and his job necessarily involved partisan political interests.  *See Nader v. Blair*, 549 F.3d 953, 959 (4th Cir. 2008).  And the State's designation of Mr. Love as a political special appointment "creates a presumption at law that discharge or demotion was proper."  *Stott v. Haworth*, 916 F.2d 134, 142 (4th Cir. 1990).  Mr. Love admitted that he was a political appointee of the governor who was appointed to be the Deputy Director of Community Initiatives, *see* ECF 1 at ¶ 16, thus confirming that he served in a political position.  Md. Code Ann., State Pers. & Pens. § 6-405(b) (stating that special appointment positions may "be filled with regard to political affiliation, belief, or opinion"); s*ee* Exhibit B: Termination Letter (referring to

---

³ Mr. Love argues that there is "nothing in the record (except bare statements by a supervisor)" to support defendants' argument that Mr. Love failed to satisfy the Connick-Pickering test because the memes he posted adversely impacted his working environment and ability to provide services to the public. Plaintiff's Opp. at 12.  His argument is noteworthy for two reasons.  First, it is an admission that the complaint pleaded facts to support a finding his posts impacted his working environment and ability to provide services to the public.  Second, considering the circumstances as pleaded by Mr. Love, there is nothing more that needs to be in "the record."

Mr. Love's position as a "Political Special Appointment Position"); *see also* Exhibit D: Offer Letter (hiring Mr. Love the day of Governor's Hogan's inauguration as a "Political Special Appointment under the State's personnel system").[4]

Mr. Love's position was designated as political. Mr. Love confirmed in his complaint that he was an appointee of the governor. Mr. Love cannot overcome the "presumption at law that discharge or demotion was proper," *Stott*, 916 F.2d at 142, and his claims should be dismissed with prejudice.

---

[4] Mr. Love does not challenge the authenticity of the exhibits to the motion to dismiss in his opposition. Where "a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity." *American Chiropractic Ass'n Inc. v. Trigon Healthcare Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (citing *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)). Mr. Love's failure to challenge the exhibits precludes him from asserting challenges to the authenticity of the documents. Exhibit D is offered only for its consistency with others before this Court.

## CONCLUSION

For all the foregoing reasons, defendants' motion to dismiss should be granted and the complaint should be dismissed with prejudice.

                                            Respectfully submitted,

                                            BRIAN E. FROSH
                                            Attorney General of Maryland

                                            /s/ Robert A. Scott
                                            ROBERT A. SCOTT
                                            Fed. Bar No. 24613
                                            JAMES N. LEWIS
                                            Fed. Bar No. 30220
                                            Assistant Attorneys General
                                            200 Saint Paul Place, 20th Floor
                                            Baltimore, Maryland 21202
                                            (410) 576-7055
                                            (410) 576-6955 (facsimile)
                                            rscott@oag.state.md.us
                                            jlewis@oag.state.md.us

                                            Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of June 2021, a copy of the foregoing Defendants' Reply in Support of Their Motion to Dismiss was sent by first class mail, postage prepaid, to:

Mr. Arthur M. Love
2064 Lake Grove Lane
Crofton, Maryland 21114

Pro Se Plaintiff

/s/ Robert A. Scott
_____
Robert A. Scott